**The STATE of Texas, Appellant,**

v.

**Marty Dale WILLIAMS, Appellee.**

**No. 3–90–212–CR.**

Court of Appeals of Texas, Austin.

Aug. 14, 1991.

Rehearing Overruled Sept. 18, 1991.

Giselle Horton, Asst. County Atty., Austin, for appellant.

E.G. Morris, Austin, for appellee.

Before CARROLL, C.J., and SMITH and DAVIS *, JJ.

TOM G. DAVIS, Justice (Retired).

The State appeals the trial court's order granting appellee's motion to suppress evidence of the results of his blood-alcohol test. In a single point of error, the State asserts the trial court abused its discretion in suppressing the test results. We reject the State's point of error and affirm the judgment of the trial court.

---

\* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See*

Tex. Gov't Code Ann. § 74.003 (1988).

In a similar case, *State v. Comeaux*, 786 S.W.2d 480 (Tex.App.1990), aff'd (Tex.Cr. App.1991), this Court noted that the decision to suppress the results of a blood test is addressed to the trial court's discretion. 786 S.W.2d at 481. The standard for reviewing the trial court's ruling on a motion to suppress was stated as follows:

The trial court has broad discretion in ruling on pretrial matters and in determining whether evidence is admissible. Whether to suppress the results of a search is committed to the trial court's discretion. In reviewing a trial court's ruling on a motion to suppress evidence, the appellate court will not reverse that decision absent a clear showing that the trial court abused its discretion. As the sole trier of fact at the hearing on the motion, the trial judge is free to believe or disbelieve all or any part of any witness's testimony. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. The same rules necessarily apply in cases where the State appeals the trial court's adverse decision. In the instant cause, the trial court granted the motion to suppress, and we are concerned only with whether it clearly abused its discretion in doing so. The reasons behind the trial court's exercise of its judgment will not create reversible error if the decision itself, regardless of any purported basis, did not exceed the limits of the court's discretion.

*Id.* at 481–482 (citations omitted).

On the evening of November 3, 1989, Officer Cleo May, the only witness to testify at the hearing, investigated a one-car accident on Barton Creek Boulevard. Upon arrival, he learned the driver of the vehicle involved, appellee in this cause, had been taken by ambulance to a hospital. A Travis County deputy sheriff at the accident scene advised May that the driver of another car had related that appellee had passed him in a no-passing zone, lost control of his vehicle, and hit a culvert. In the course of the on-the-scene investigation, nothing was mentioned about consumption of alcoholic beverages nor were any alcoholic beverages or empty containers found. May spent "probably over an hour" at the scene before proceeding to South Austin Hospital.

Upon arrival at the hospital, May inquired whether appellee had life threatening injuries. At trial, he testified that "As far as I know or recall his injuries were not life threatening." This was the extent of the information May learned about appellee's injuries. May obtained no information as to whether appellee had received any treatment or medication, nor was anything mentioned about consumption of alcoholic beverages.

May found appellee in the emergency room, clad in a hospital gown, covered by a sheet, and "lying in a hospital bed." May testified that appellee's breath smelled of alcohol, his eyes were red and bloodshot, and his speech was slurred. May gave appellee an H.G.N. test (horizontal gaze nystagmus test), concluding that appellee failed the test because "I noticed his eyes jerked almost immediately." May gave appellee a "DIC-24"[1] form and read it to him, including the provision "You're under arrest for the offense of driving while intoxicated." May related that appellee agreed to the taking of a blood specimen, signing "the form that comes with the vial we take the blood with," and a nurse drew the blood.

In response to several questions as to whether appellee was under arrest when he agreed to the blood test, May responded a number of times that he suspected appellee was intoxicated or "he was being investigated for the suspicion of being intoxicated." After being asked if May would have arrested appellee had he refused to take the blood test and been released from the hospital, May concluded that "I would say so."

Before ruling on the motion to suppress, the court noted that, where there is a severe accident, red eyes and slurred speech may be due to the consumption of alcohol

---

1. We presume this is the warning required by section 2(b) of article 6701*l*–5.

or to the accident. Upon granting the motion, the court commented that: the officer "is real ambivalent as to whether he's under arrest," "the few tests he did and the fact he could have done additional tests," and "it all goes to the issue of probable cause." In response to a question from the prosecutor as to whether he was basing his finding on the credibility of the witness or the facts, the court stated "I'm basing it on the facts."

Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5 (Supp.1991) states in pertinent part:

Section 1. *Any person who operates a motor vehicle upon the public highways or upon a public beach in this state shall be deemed to have given consent, subject to the provisions of this Act, to submit to the taking of one or more specimens of his breath or blood* for the purpose of analysis to determine the alcohol concentration or the presence in his body of a controlled substance or drug if arrested for any offense arising out of acts alleged to have been committed while a person was driving or in actual physical control of a motor vehicle while intoxicated. Any person so arrested may consent to the giving of any other type of specimen to determine his alcohol concentration, but he shall not be deemed, solely on the basis of his operation of a motor vehicle upon the public highways or upon a public beach in this state, to have given consent to give any type of specimen other than a specimen of his breath or blood. *The specimen, or specimens, shall be taken at the request of a peace officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways or upon a public beach in this state while intoxicated.*

Sec. 2. (a) Except as provided by Subsection (i) of Section 3 of this Act, if a person under arrest refuses, upon the request of a peace officer, to give a specimen designated by the peace officer as provided in Section 1, none shall be taken.

(b) Before requesting a person to give a specimen, the officer shall inform the person orally and in writing that if the person refuses to give the specimen, that refusal may be admissible in a subsequent prosecution, and that the person's license, permit, or privilege to operate a motor vehicle will be automatically suspended for 90 days after the date of adjournment of the hearing provided for in Subsection (f) of this section, whether or not the person is subsequently prosecuted as a result of the arrest.

(Emphasis added.)

█ Any person who operates a vehicle upon a public highway in this state is deemed to have given his consent, subject to the provisions of this act, to the taking of a specimen of his breath or blood under the provisions of section 1. *See Rodriguez v. State*, 631 S.W.2d 515, 516 (Tex.Cr.App. 1982). One of the provisions of section 1 is that the specimen is "taken at the request of a peace officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highway or upon a public beach in this state while intoxicated." Stated another way, a person is not deemed to have consented to the taking of the specimen unless the officer had "reasonable grounds" to believe the person was driving while intoxicated.

█ Consent is not required under this statute unless the person is under arrest. *Burkhalter v. State*, 642 S.W.2d 231, 232 (Tex.App.1982, no pet.); *Aliff v. State*, 627 S.W.2d 166 (Tex.Cr.App.1982). The "point of arrest" occurs at the moment a person's freedom is restricted or restrained. *Hawkins v. State*, 758 S.W.2d 255, 259 (Tex.Cr. App.1988). A person has been "seized" "if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980). The facts that May advised appellee he was under arrest and that May testified he would have arrested appellee had he refused to take the test and been released from the hospital sup-

port the trial court's implied finding that appellee was under arrest.

■ It does not matter whether "reasonable grounds" may be equated to "probable cause" or whether the matter of voluntary consent was made an issue in the hearing if the decision of the court is correct on any theory of law. *Calloway v. State*, 743 S.W.2d 645, 651–52 (Tex.Cr.App.1988). The fact that a correct ruling is given for the wrong reason will not result in a reversal of the ruling. *Miles v. State*, 488 S.W.2d 790, 792 (Tex.Cr.App.1972). The reviewing court may sustain the trial court's action on a theory that was never raised by the parties or the trial court. *Wilson v. State*, 692 S.W.2d 661, 671 (Tex.Cr.App.1984). *See State v. Cuellar*, 815 S.W.2d 295 (Tex. App.1991).

■ We must first determine whether the evidence will sustain a finding by the trial court that the peace officer did not have "reasonable grounds" to believe that appellee had committed the offense. The officer knew nothing more than that the injuries to appellee were not life threatening. When asked whether appellee was in any pain when he saw him in the emergency room, Officer May stated, "As much damage that was done to the truck I'm pretty sure he was in some type pain." In reply to a question about the extent of appellee's injuries, May answered, "I don't know." However, when asked whether appellee's eyes were injured other than being bloodshot when he gave appellee the H.G.N. test, May replied, "If there had been anything wrong with his eyes I would not have given the test." But May had not asked any doctor or nurse whether there was anything wrong with appellee's eyes.

Officer May did not testify about his training or experience in administering the H.G.N. test,[2] nor did he explain how he administered the test on the occasion in

question. The record is devoid of any evidence relative to what influence, if any, injury or medication might have had on the results of the test.

While the trial judge stated that he did not question the *credibility* of the officer's testimony, the court is the sole judge of the *weight* to be given the testimony. In light of the evidence before the court, we cannot say the trial court abused its discretion in concluding that the officer did not have "reasonable grounds" to believe appellee drove a vehicle upon a public highway while intoxicated. Without "reasonable grounds" for the officer to believe that appellee committed the offense, appellee is not deemed to have given his consent to the taking of the specimen under article 6701*l*– 5.

■ Since consent is not implied by law where "reasonable grounds" for arrest do not exist, the State must prove that any actual consent was positive and unequivocal, and the police officers involved must not have employed duress or coercion, actual or implied, in obtaining permission. *Juarez v. State*, 758 S.W.2d 772, 775 (Tex.Cr. App.1988). In *State v. Sells*, 798 S.W.2d 865, 866–67 (Tex.App.1990, no pet.), the court noted, "The Court of Criminal Appeals has repeatedly stated that a driver's consent to a blood or breath test must be voluntary." *See also Turpin v. State*, 606 S.W.2d 907, 914 (Tex.Cr.App.1980); *Hearn v. State*, 411 S.W.2d 543, 545 (Tex.Cr.App. 1967).

■ While the matter of appellee's consent was not raised by the testimony or argument at trial, the motion to suppress contains an allegation that the sample of blood was taken without the consent of appellee. However, as heretofore noted, the matter of whether an issue is raised at trial is of no moment if the decision of the court is correct on any theory of the law applicable to the case.

2. The H.G.N. test is explained in *Howard v. State*, 744 S.W.2d 640, 641 (Tex.App.1987, no pet.) as follows:

> The HGN test calls for the subject's eyes to follow the movement of an object. As the object moves steadily to one side of the sub-

ject's field of vision, the subject's eyes eventually fail to track the object smoothly. The HGN test presumes that a sober person will exhibit smooth eye movement up to a greater angle than an intoxicated person.

Consent must be "knowing and intelligent." *Schneckcloth v. Bustamonte,* 412 U.S. 218, 236, 93 S.Ct. 2041, 2052, 36 L.Ed.2d 854 (1973). We believe a court could logically conclude from the totality of the circumstances in the instant case that appellee did not voluntarily consent to the taking of the blood sample. We are unable to conclude, upon the record before us, that the trial court abused its discretion in sustaining appellee's motion to quash.

The judgment is affirmed.