**Lisa Renee TAYLOR, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–92–367–CR.**

Court of Appeals of Texas,
Fort Worth.

April 19, 1994.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall, Asst. Chief, Charles M. Mallin, Asst. Chief, Appellate Section, Tanya Dohoney, Asst. Crim. Dist. Atty., Fort Worth, for State.

Before HILL, C.J., and FARRIS and WEAVER, JJ.

## OPINION

WEAVER, Justice.

Appellant, Lisa Renee Taylor, was convicted by a jury of aggravated possession of a controlled substance. The trial court assessed appellant's punishment, enhanced by four prior felony convictions, at sixty years confinement in the Institutional Division of the Texas Department of Criminal Justice. We reverse and remand this cause for a new trial.

The evidence presented at trial showed the following. On June 3, 1992, officers Phil Foster and Mike Overton, of the Arlington Police Department, spoke with L.N., who had been arrested on drug charges earlier in the day. L.N. informed the officers that she had information that appellant was in possession of a large quantity of amphetamine, and that she would assist the officers in setting up a drug case on appellant. L.N. told the officers she could make a phone call and appellant would meet her with the dope. Around nine o'clock in the evening, L.N. was allowed to make a telephone call from a conference room in the Arlington Police Department. L.N. made the call to a number she indicated was appellant's pager number. The officers

did not record the number which was called. When the telephone in the conference room rang, L.N. answered it and had a short conversation. The officers did not monitor this call and they were only able to hear L.N.'s side of the conversation. After L.N. hung up, she told the officers that appellant had agreed to meet her at a car wash in Arlington for the purpose of delivering the drugs. She also told the officers appellant would be driving an older model blue Z28 Camaro with T–Tops.

Foster gathered up a surveillance team and they proceeded to the vicinity of the car wash. As they neared the location of the car wash, Foster saw appellant[1] in the parking lot of a Chief Auto Parts store located across the street from the car wash. Appellant was carrying a case of oil. Foster then saw appellant leave the parking lot and drive into one of the bays at the car wash. Foster, who was driving an unmarked vehicle, followed appellant into the car wash and parked his car in front of appellant's vehicle, blocking her in from the front. Overton, who was also driving an unmarked vehicle, pulled in and parked his car behind appellant's, blocking her in from the rear.

Appellant was already out of her car when Foster and Overton pulled up. Foster got out of his car, with his gun drawn and pointed at appellant, and said: "Police, Lisa." At this time, Foster was approximately six feet from appellant. Appellant appeared startled and she screamed. Foster then asked appellant: "Do you have any dope?" Appellant answered, "I have a lot [of] it," or "a bunch of it," or something to that effect. Foster then walked over to appellant's car, reached in the driver's side, and retrieved a large white lady's bag. He took the bag to the front of appellant's car and opened it while Overton remained with appellant. Inside the white bag, Foster found a black belt bag, or fanny pack, which contained methamphetamine. Foster then told appellant she was under arrest and he read her her rights.

Prior to trial, appellant filed a motion to suppress the evidence seized from her car. A hearing was held on such motion, and Officer Foster testified to the occurrences discussed above. The trial court subsequently denied appellant's motion. The trial court entered the following conclusions of law with respect to the questioning of appellant and the seizure of the drugs:

That officers had sufficient articulable [sic] facts supported by probable cause to initiate an investigative stop and detention of [appellant].

That the statements made by [appellant] were voluntary.

That the statements made by [appellant] were not the product of custodial interrogation.

That the statements made by [appellant] admitting she possessed narcotics gave the officers notice that an offense was being committed in their view and that the subsequent search and arrest of [appellant] were lawful.

That the officers in any case had sufficient articulable facts supported by probable cause to arrest [appellant] without a warrant due to exigent circumstances, and to search her vehicle pursuant to the arrest.

That if the statements made by [appellant] were the product of custodial interrogation, they were nonetheless statements which led to evidence of which the officers [were] unaware and which conduced to the guilt of [appellant].

In her first point of error, appellant contends the trial court erred in admitting the statements she made prior to receiving her *Miranda*[2] warnings. In response, the State argues the court did not err in admitting the statements because, according to the State, appellant was not in "full-fledged" custody when the statements were made and the questioning was only part of an initial investigation and *Terry*[3] stop. Alternatively, the State asserts that admission of the state-

---

1. Foster knew appellant by sight from previous dealings with her.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

ments was proper under article 38.22, section 3(c), of the Texas Code of Criminal Procedure.

The State recognizes that it cannot use statements stemming from custodial interrogation unless it demonstrates the use of procedural safeguards, such as the giving of *Miranda* warnings, which are effective to secure the privilege against self-incrimination. However, the State argues appellant's statements were not made as a result of custodial interrogation. Rather, the State argues appellant was simply under investigative detention, and that as such, the questioning did not constitute custodial interrogation. *See Anderson v. State,* 787 S.W.2d 221, 228 (Tex.App.—Fort Worth 1990, no pet.). We disagree.

■ " 'Custodial interrogation' is questioning initiated by law enforcement officers after a person has been taken into custody *or otherwise deprived of his freedom of action in any significant way." Cannon v. State,* 691 S.W.2d 664, 671 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986) (emphasis added). *See also Wicker v. State,* 740 S.W.2d 779, 785–86 (Tex.Crim.App.1987), *cert. denied,* 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988). In the present case Foster and Overton had appellant's vehicle blocked in so she could not leave the car wash stall. When Foster questioned appellant, he had his gun drawn and pointed at her from a distance of approximately six feet. Foster testified that at this point they had appellant detained so that she was not free to leave. Based on these facts, it is clear that Foster's questioning of appellant was "custodial interrogation" and not simply an investigative detention. *See Wicker,* 740 S.W.2d at 786; *Cannon* 691 S.W.2d at 671; *Anderson,* 787 S.W.2d at 228.

The State next argues that even if appellant's statement was the product of custodial interrogation, it is still admissible under article 38.22, section 3(c), of the Texas Code of Criminal Procedure. Section 3(c) provides as follows:

> Subsection (a) of this section shall not apply to any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as finding of secreted or stolen property or the instrument with which he states the offense was committed.

TEX.CRIM.PROC.CODE ANN. art. 38.22(3)(c) (Vernon Supp.1994). Subsection (a) essentially provides that no oral statement made as a result of custodial interrogation is admissible unless: (1) an electronic recording is made of the statement; (2) the accused is given *Miranda* warnings prior to the statement, and knowingly, intelligently, and voluntarily waives the rights set out in the warnings; (3) the recording device was working, the operator was competent, and the recording was accurate and has not been altered; (4) all voices on such recording are identified; and (5) the accused's attorney is given a copy no later than the 20th day before the date of the proceeding. *Id.* art. 38.22(3)(a).

■ Section 3(c) does not dispense with the requirement that an accused be given his *Miranda* warnings before a statement made during custodial interrogation can be used against him. *See Anderson v. State,* 701 S.W.2d 868, 874 (Tex.Crim.App.1985), *cert. denied,* 479 U.S. 870, 107 S.Ct. 239, 93 L.Ed.2d 163 (1986). Rather, under section (3)(c), if an accused makes an oral statement or gives an oral confession *after* he has received his *Miranda* warnings, and the statement or confession contains assertions which are found to be true and tend to establish the accused's guilt, the statement or confession will be admissible even if no electronic recording was made. *See Port v. State,* 791 S.W.2d 103, 107–08 (Tex.Crim.App.1990); *Briddle v. State,* 742 S.W.2d 379, 386–87 (Tex.Crim.App.1987), *cert. denied,* 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988); *Anderson,* 701 S.W.2d at 874. Appellant had not received her *Miranda* warnings before she made the statements during the custodial interrogation. Thus, section 3(c) does not apply, and the trial court erred in admitting her statements. Appellant's first point of error is sustained.

■ In points of error two and three, appellant contends the trial court erred in overruling her motion to suppress the search of her car because there was no probable cause

for the search. In point of error number four, appellant further argues that the trial court erred in overruling her motion to suppress because there was no right to an inventory search. In response, the State contends that probable cause for an arrest arose at the scene and that the search was a valid search incident to arrest and a valid inventory search.

In its reply to appellant's points of error, the State concedes that the information from L.N. alone would not support probable cause for an arrest, and that there was not probable cause to arrest appellant at the time Foster first spoke to her. Rather, the State contends that probable cause for a valid arrest arose once L.N.'s information was corroborated by appellant's statements confessing to the possession of drugs. However, we have previously held that these statements were obtained as a result of custodial interrogation and in violation of appellant's *Miranda* rights. It is clear that without this illegally obtained information, there was no probable cause to arrest appellant or search her car. Thus, the trial court erred in overruling appellant's motion to suppress. Points of error two, three and four are sustained.

The judgment of the trial court is reversed and this cause is remanded for a new trial.