TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00758-CR







The State of Texas, Appellant



v.



Jim Brownson, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY


NO. 41,565, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING







PER CURIAM


 The State appeals from an order of the county court at law granting appellee's
motion to suppress evidence. Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 1995). 
The underlying prosecution is for possession of marihuana. 

 The marihuana in question was seized during a search of appellee's truck following
a traffic stop. Appellee's written motion to suppress urged that the "stop, arrest and subsequent
search and seizure were without probable cause and in violation of the Fourth Amendment to the
United States Constitution and Article I, Section 9 of the Texas Constitution." The motion further
asserted that appellee's statements to the arresting officer "were not prefaced by proper warnings
under the Fifth Amendment to the United States Constitution and Article 38.22 of the Texas Code
of Criminal Procedure [Tex. Code Crim. Proc. Ann. art. 38.22 (West 1979 & Supp 1995)]" and
"were obtained in violation of Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth
Amendments to the United States Constitution and in violation of Article I, Sections 9
(unreasonable search and seizure), 10 (freedom from giving compelled evidence, and right to
counsel), and 19 (due process) of the Texas Constitution." The motion sought the suppression
of "all unlawfully obtained evidence, including but not limited to statements."

 The only witness at the hearing on appellee's motion to suppress was Hays County
deputy sheriff Russell Weirich, and there is no dispute as to the relevant facts. On June 30, 1994,
Weirich was on routine patrol near Dripping Springs when he was passed by a truck driven by
appellee. Weirich could see that appellee was not wearing his seat and shoulder belt. Weirich
stopped appellee for this traffic offense.


Q [By prosecutor] And what happened next?


A After I initiated the traffic stop Mr. Brownson exited his vehicle and I met him
at the rear of it. At that time I had asked him if he had any contraband or
weapons inside the vehicle, and he had stated that he did have some marihuana
in the console of his vehicle.


Q Why did you ask him whether or not he had any contraband or weapons in the
vehicle?


A When somebody meets me at the rear of the vehicle it's my policy that I ask
them if they have anything in the front of the vehicle such as contraband or
weapons before I will let them re-enter the vehicle.


Q And what did he indicate to you?


A He indicated that there was marihuana in the console.


Q Okay. As best as you can remember what specifically did he say?


A To my best recollection he said that there was some marihuana in a can in the
console.


Q Okay. And what did you do in response to this?


A In response to this I went to the driver's compartment and I opened the
console, observed a small can, removed the can and opened it and observed
a pipe and some marihuana in the can.



Weirich was cross-examined by defense counsel.


Q So the very first thing that you did was start talking about whether there was
contraband or weapons in the vehicle?


A Yes, sir.


Q At that stage you had him -- or he was out of his car, right, and you --


A Yes, sir.


Q You wouldn't have let him leave at that point, would you?


A No, sir.


Q Until he answered your question, right?


A Yes, sir.


Q You never did tell him before he answered any questions that he had a right
not to answer any questions, did you?


A No, sir.


Q You never told him he had a right to a lawyer or a right to -- or that you might
use anything he said against him in a court of law, did you?


A No, sir.


Q So basically you got out and you started asking him questions -- he got out and
you started asking him questions that -- and based on those answers that he
gave you you seized the marihuana, right?


A Yes, sir.


. . .


Q You never had a search warrant to do anything that you did that day, did you?


A No.


. . .


Q Did you ever ask him to sign one of those [consent to search forms]?


A No.



 In his closing comments, defense counsel summarized appellee's position as
follows:


 What I think we have here, Judge, is a violation of my client's rights under
Article 1, Section 9, and more particularly under Article 38.22 of the Texas Code
of Criminal Procedure.


 We have an officer who stopped my client for a traffic stop and immediately
begins interrogation. He's detained and he begins interrogation, never has warned
him of his rights, and he says it's for his safety. Now I could see where it might
be for his safety to ask about weapons in the car, but I certainly don't see that
marihuana or any other kind of drugs have anything to do with his safety. They
have something to do with him investigating a crime, which is possession of
marihuana.


 So he was asking him questions about -- to obtain evidence in this case and
never did read him any rights, never told him he had a right to refuse to answer
any questions. And then after that he never did obtain any sort of consent to
search the vehicle, he just proceeded to search the car, seize the evidence, and here
we are. And I think it's a clear violation of Article I, Section 9 and article --
Article 38.22 of the Texas Code of Criminal Procedure.



The prosecutor responded to this argument by urging that appellee's statement to the officer was
not the product of custodial interrogation and therefore article 38.22 did not apply. The
prosecutor further argued that the statement "indicated that [appellee] was in criminal possession
of a controlled substance" and justified the search of his vehicle.

 At the conclusion of counsels' remarks, the court announced, "With regards to the
motion to suppress, this motion is granted." The court made a similar notation on the face of the
motion. The court did not make oral or written findings of fact or conclusions of law. We will
disturb the suppression order only if it exceeded the limits of the court's discretion. State v.
Williams, 814 S.W.2d 256, 258 (Tex. App.--Austin 1991), aff'd, 832 S.W.2d 52 (Tex. Crim.
App. 1992).

 In its first point of error, the State urges that the county court at law had no basis
for concluding that the initial stop was unlawful because appellee's failure to wear a seat belt was
an offense for which the officer was authorized to detain and ticket appellee. Tex. Rev. Civ. Stat.
Ann. art. 6701d, § 107C (West Supp. 1995). In his reply brief, appellee suggests that the court
may have concluded that Weirich used the observed traffic offense merely as a pretext to stop
him. Under the pretext arrest doctrine, an objectively valid stop for one offense is rendered
invalid if the officer was motivated by a desire to investigate the individual stopped for a different
offense. Garcia v. State, 827 S.W.2d 937, 939-40 (Tex. Crim. App. 1992). 

 There is no evidence that Weirich knew appellee or had any reason to suspect he
was in possession of marihuana before stopping him, and thus there is no basis in the record for
concluding that the traffic stop was pretextual. Moreover, the pretext arrest doctrine is no longer
applied in Texas. An objectively valid traffic stop is not rendered unlawful under either the
United States or Texas constitution just because the detaining officer had some ulterior motive for
making it. Crittenden v. State, 899 S.W.2d 668, 674 (Tex. Crim. App. 1995) (Tex. Const. art.
I, § 9); Garcia, 827 S.W.2d at 944 (U.S. Const. amend. IV). The State's first point of error is
sustained.

 The principal issue at the hearing on appellant's motion to suppress was whether
appellee's admission to Weirich was the product of unwarned custodial interrogation. Statements
made during the custodial interrogation of a person who has not been advised of his rights are
generally inadmissible as evidence. Miranda v. Arizona, 384 U.S. 436, 444 (1966); Tex. Code
Crim. Proc. Ann. art. 38.22 (West 1979 & Supp. 1995). At least one court of appeals has held
that statements made in violation of Miranda cannot be considered in determining whether
probable cause for a search existed. Taylor v. State, 874 S.W.2d 362, 365-66 (Tex. App.--Fort
Worth 1994, no pet.). In its second point of error, the State argues that appellee's admission to
Weirich that he had marihuana in his truck was not the product of custodial interrogation.

 For the purposes of the Fifth Amendment as interpreted and applied in Miranda,
a person temporarily detained pursuant to an ordinary traffic stop is not "in custody" and roadside
questioning of a motorist so detained is not "custodial interrogation." Berkemer v. McCarty, 468
U.S. 420, 435-40 (1984). As used in article 38.22, "custodial interrogation" has the same
meaning as it does under the Fifth Amendment. Wicker v. State, 740 S.W.2d 779, 785 (Tex.
Crim. App. 1987). 

 In Loar v. State, 627 S.W.2d 399, 400 (Tex. Crim. App. 1982), the defendant was
stopped for driving the wrong way on a one-way street. The police officer, noticing the
defendant's lack of motor control, asked him if he had been drinking. The defendant replied,
"One glass of wine." The Court of Criminal Appeals held that this statement was not the product
of custodial interrogation and its admission in evidence was not a violation of Miranda or article
38.22. Other courts have reached the same conclusion on similar facts. Harrison v. State, 788
S.W.2d 392, 394 (Tex. App.--Houston [1st Dist.] 1990, no pet.); Bradeen v. State, 711 S.W.2d
263, 264 (Tex. App.--Dallas 1986, no pet.); see Linnett v. State, 647 S.W.2d 672, 675 (Tex.
Crim. App. 1983); Adams v. State, 634 S.W.2d 785, 789 (Tex. App.--Austin 1982, no pet.)
(routine traffic stop is not custodial arrest authorizing search incident to arrest). 

 As previously noted, there is no evidence that Weirich's stop of appellee's truck
was anything other than what it objectively appeared to be: a routine traffic stop. Under the
circumstances shown by this record, appellee was not in custody when Weirich asked him if he
had contraband in his truck and his answer to the question was not the product of custodial
interrogation. The State's second point of error is sustained.

 Finally, the State contends the county court at law erred if it based its suppression
order on the absence of a search warrant. Appellee's statement to Weirich that there was
marihuana in the console of the truck unquestionably gave the officer probable cause to believe
that contraband was concealed in the truck. A peace officer with probable cause to believe that
a motor vehicle contains contraband may lawfully search those areas of the vehicle where the
contraband might be concealed without first obtaining a warrant. United States v. Ross, 456 U.S.
798, 825 (1982); Chambers v. Maroney, 399 U.S. 42, 51-2 (1970); Delgado v. State, 718 S.W.2d
718, 723-24 (Tex. Crim. App. 1986); Christopher v. State, 639 S.W.2d 932, 935 (Tex. Crim.
App. 1982). Appellee told Weirich that there was marihuana in a can in the console. Weirich
searched for and found the marihuana exactly where appellee said it would be. We agree with
the State that the absence of a warrant did not render this search unlawful. Point of error three
is sustained.

 In summary, Weirich was authorized to stop appellee for the observed traffic
offense. This routine traffic stop was not an arrest and appellee was not in custody when he was
asked if he had contraband in his truck. Appellee's admission to Weirich was not the product of
custodial interrogation and gave the officer probable cause to search appellee's truck without a
warrant. We cannot determine any legal basis on which the trial court could have suppressed the
evidence. Therefore, the county court at law abused its discretion by granting appellee's motion
to suppress evidence.

 The order suppressing evidence is overruled and the cause is remanded to the
county court at law for further proceedings.


Before Chief Justice Carroll, Justices Aboussie and Jones

Reversed and Remanded

Filed: August 16, 1995

Do Not Publish