Victor DANSBY, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–93–00061–CR.

Court of Appeals of Texas,
Tyler.

March 24, 1997.

Rehearing Overruled June 30, 1997.

Discretionary Review Refused
Sept. 10, 1997.

Frank Henderson, Beaumont, for appellant.

Edward J. Marty, Tyler, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

## OPINION ON REMAND

RAMEY, Chief Justice.

This Court affirmed the conviction of Victor Dansby of the crime of involuntary manslaughter, arising from his involvement in an automobile accident in which one passenger was killed. The Texas Court of Criminal Appeals reversed and remanded the judgment of this Court because of an improper application of a statutory provision allowing the admission into evidence of a criminal defendant's unrecorded oral statements. *Dansby v. State*, 931 S.W.2d 297 (Tex.Cr. App.1996). This Court is to conduct a harm analysis pursuant to Tex.R.App.P. 81(b)(2). We will **reverse** the judgment of the trial court and **remand for new trial.**

In a supplemental point of error, Appellant attacked the trial court's decision to admit into evidence certain oral statements made by him to the arresting officer at the hospital where he was treated immediately after the accident. Larry Reddic ("Reddic"), the state trooper who investigated the accident scene and later made the arrest at the hospital testified at the hearing on the motion to suppress and at the trial that he had read the warning prescribed by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and the Texas Code of Criminal Procedure, Section 15.17, to Appellant before asking him any questions. Appellant complained of the admission of two statements in particular: (1) that he told the officer he had been driving the car, and (2) that he admitted he had been drinking. Though no recording of Appellant's statements was made, this Court held that Reddic's statements were admissible under Article 38.22, § 3(c) of the Code of Criminal Procedure, which allows the admission of a defendant's unrecorded oral statements after the proper warning is given if the "assertions of facts or circumstances ... are found to be true and ... conduce to establish the guilt of the accused...." *Taylor v. State*, 874 S.W.2d 362, 365 (Tex.App.—Fort Worth 1994, no pet.) (*quoting* Tex.Crim.Proc.Code art. 38.22, § 3(c)). We held that the statements were admissible because they were corroborated by other evidence at trial, including the fact that the results of the two blood tests per-

formed on Appellant showed him to be legally intoxicated, and were therefore "found to be true."

The Texas Court of Criminal Appeals reversed this holding, saying that the trial court had erred in admitting the oral statements because the term "found to be true" in Section 3(c) of article 38.22 refers to facts concerning which the police are unaware at the time of the confession and which are *later* found to be true. *Dansby,* 931 S.W.2d at 298–299 (citing *Romero v. State,* 800 S.W.2d 539 (Tex.Cr.App.1990)). With the exception of the blood test results, the arresting officer in the instant case was aware of the corroborating evidence at the time of the confession. Our original opinion and the Court of Criminal Appeals' opinion both set out this evidence. Several witnesses at the scene testified that Appellant told them he had been driving the car when it crashed. The locations of Appellant and the other passengers when help arrived at the scene suggested that Appellant had been the driver. Also, according to the Court of Criminal Appeals, the officer had knowledge of Appellant's drinking before the confession because the officer stated that he could smell alcohol on Appellant and witnesses at the accident scene told him they too had noticed the smell of alcohol. Therefore, Appellant's admissions that he had been in the driver's seat and had been drinking were not "found to be true" and were erroneously admitted at trial.

This Court is to determine whether the trial court's admission of the statements was harmful error that would require reversal of the trial court's judgment and remand for new trial. The conviction must be reversed unless the error was harmless, that is, if we conclude beyond a reasonable doubt that the error did not contribute to the conviction. TEX.R.APP.P. 81(b)(2). On the other hand, if "the error was of such a magnitude that it disrupted the jurors' orderly evaluation of the evidence, no matter how overwhelming [that evidence] might have been," reversal is necessary. *Harris v. State,* 790 S.W.2d 568, 588 (Tex.Cr.App.1989). Thus, this Court must undertake to isolate the error and its effects and then consider whether a jury might have come to a different conclusion had the error and its effects never occurred. *Id.* In *Harris,* the Court of Criminal Appeals offered possible lines of inquiry for appellate courts to utilize in isolating the error and its effects: (1) the source and nature of the error, (2) whether the State emphasized it, (3) its probable collateral implications, (4) how much weight a juror would have placed on the error, and (5) "whether declaring the error harmless would encourage the State to repeat it with impunity." *Harris,* 790 S.W.2d at 587.

The source and nature of the error here suggest harm to the Appellant. We note that erroneously admitted confessions do not always cause harm to the accused. *See, e.g., Arizona v. Fulminante,* 499 U.S. 279, 309–310, 111 S.Ct. 1246, 1264–65, 113 L.Ed.2d 302 (1991). Naturally, however, a confession by its nature creates more potential for harm at trial than other types of evidence. Reddic's testimony regarding Appellant's alleged confession to him at the hospital contradicted Appellant's position at trial in a potentially powerful way. This is especially true when, as here, the Appellant has not related his version of the occurrence by testifying at trial. The nature of a confession also suggests harm in light the third of the *Harris* factors listed, concerning the probable collateral implications of the error. When a trial court erroneously admits a confession into evidence, usually the only implication that may be drawn is that of the defendant's guilt.

Furthermore, the prosecutor at times emphasized Reddic's testimony regarding Appellant's oral statement during his closing argument. The State also referred to it frequently during its examination of an expert witness, asking the expert to calculate Appellant's level of intoxication at the time of the accident by factoring into his calculations Reddic's testimony regarding the time of Appellant's last drink and the amount that he claimed to have consumed. Also, we cannot say that the jury would not have accorded Appellant's oral statements significant weight in relation to the other evidence. Although some witnesses testified that Appellant told them at the scene of the accident that he was the driver, at least one of the witnesses, a paramedic, stated that Appellant claimed not

to be the driver of the car. Because there was conflicting evidence as to what position Appellant claimed to have occupied in the car, the testimony of the investigating police officer regarding his interview of Appellant, occurring as it did after Appellant's denial to one of the paramedics that he had been the driver, could have carried significant weight.

Finally, we are concerned that declaring the error here to be harmless might encourage other prosecutors to attempt to circumvent the provisions of art. 38.22 and offer the unrecorded oral statements of defendants despite the unfulfilled requirements of that statute. In light of these considerations, we must hold that the erroneous admission of Reddic's testimony was harmful.

Therefore, the judgment of the trial court is reversed, and the case is remanded for a new trial.