Douglas Kent SNEED, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–97–00090–CR.

Court of Appeals of Texas,
Texarkana.

Submitted March 10, 1998.

Decided March 11, 1998.

Sydney Young, Paris, for appellant.

Kerye Ashmore, Lamar County Attorneys Office, Paris, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Douglas Sneed was convicted of the offense of driving while intoxicated. The case was tried to a jury, and Sneed was sentenced to six years' confinement and a $2,500.00 fine. Sneed raises two issues on appeal, claiming that the evidence was legally and factually insufficient to support his conviction, and claiming ineffective assistance of counsel.

### Background

On September 25, 1995, Vivian Wilkerson sat in her dining room at about 6:30 in the evening, drinking coffee. While sitting

there, Wilkerson observed a cream-colored truck pull into her driveway and rear-end her car, which was parked in her carport. Wilkerson immediately went outside and found the only occupant of the truck, Sneed, still inside the truck, with the truck's motor still running. Sneed got out of his truck, stated that someone had hit him, and accused Wilkerson of driving the truck. Wilkerson testified that Sneed "smelled like a brewery" and that his speech was slurred. Wilkerson's daughter came upon the scene and called the police. The daughter also testified that she thought that Sneed "smelled like beer" and that he was having to hold on to the truck for balance and support.

The police officer who responded to the call testified that Sneed's speech was slurred, his eyes were bloodshot, he smelled of alcohol, and he kept using his arm to brace himself against the truck. When asked by the officer, Sneed denied that he had been drinking. The officer also testified that he found six empty beer cans in the cab of the truck, with one "cool to the touch" and its contents spilled on the floorboard. Because Sneed was becoming more belligerent and the officer believed that he was drunk, the officer arrested Sneed and read him the *Miranda* [1] warnings. Sneed was taken to the Lamar County sheriff's office, where he was asked to take an alcohol breath test, but he refused. Sneed was also videotaped while at the sheriff's office, and that videotape was later admitted into evidence.

The only witness to testify for the defense was Sneed's son, Mark. Mark testified that he had spent the day of the incident with his father until about 6:00 p.m. He testified that he thought his father had drunk two or three beers the entire day. At the time that Sneed left Mark, Mark did not believe that Sneed was intoxicated.

### Analysis

■ In his first point of error, Sneed argues that the evidence is legally and factually insufficient to support the verdict. In determining whether evidence is legally sufficient to support the verdict, we view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Lane v. State*, 933 S.W.2d 504, 507 (Tex. Crim.App.1996). When reviewing the factual sufficiency of the evidence, we review all of the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996).

Under Section 49.04 of the Texas Penal Code, "[a] person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." Tex. Penal Code Ann. § 49.04(a) (Vernon Supp.1998). "Intoxicated" means:

> (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or

> (B) having an alcohol concentration of 0.10 or more.

Tex. Penal Code Ann. § 49.01(2) (Vernon 1994).

Since Sneed did not submit to any scientific means of determining his level of alleged intoxication, he was charged and convicted based on the requirements of Section 49.01(2)(A) above in that he did not have the "normal use of [his] mental or physical faculties."

Sneed's entire argument that the evidence was legally and factually insufficient rests on the proposition that the reason for Sneed's lack of normal use of his mental or physical faculties could have been from the car accident itself and not from alcohol. In support of this argument, Sneed relies on *State v. Williams*, 814 S.W.2d 256 (Tex.App.Austin 1991), *aff'd*, 832 S.W.2d 52 (Tex.Crim.App. 1992).

In *Williams*, the defendant passed another motorist in a no-passing zone, lost control of his car, and hit a culvert. The defendant was

---

**1.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

taken to the hospital in an ambulance. The officer dispatched to the scene arrived after the defendant had already been transported to the hospital. In the course of the on-the-scene investigation, nothing was mentioned about consumption of alcoholic beverages, nor were any alcoholic beverages or empty containers found. After completing the investigation at the scene, the officer went to the hospital to question the defendant. The officer reported that the defendant's speech was slurred, his eyes were bloodshot, and his breath smelled of alcohol. Based on these indications, the officer arrested the defendant and required that he take a blood-alcohol test. At trial, the defendant moved to have the results of the blood-alcohol test suppressed. The trial court noted that where there is a severe accident, red eyes and slurred speech may be due to the consumption of alcohol or to the accident. *Williams* at 258–59. The trial court granted the motion to suppress, and the state appealed. The appellate court found that the officer did not have "reasonable grounds to believe the [defendant] to have been driving ... while intoxicated" and, therefore, any blood test taken would require the consent of the defendant because the officer lacked reasonable grounds to arrest the defendant and compel him to submit to the blood test. The court determined that the test was inadmissible.

The *Williams* court did not say that evidence of intoxication is rendered insufficient if a car accident is involved. In *Williams*, the accident was simply a factor considered by the trial court in granting the motion to suppress. It was important only because the trial court found that the symptoms of intoxication relied on by the investigating officer could have been caused by the accident, and since the officer knew nothing more of the defendant than that his injuries were not life threatening, he did not have reasonable grounds to arrest him and subject him to a blood-alcohol test. The appellate courts concluded that, in light of this evidence, the trial court did not abuse its discretion in granting the motion to suppress.

■ Sneed is not arguing facts similar to *Williams*. Sneed presented no medical evi-

dence at trial regarding the severity of the wreck or any injuries arising from the wreck. The record is simply devoid of any evidence which would show us that (1) any injury occurred to Sneed and (2) any such injury would imitate the signs of intoxication. Furthermore, *Williams* involved a challenge that the trial court abused its discretion in granting a motion to suppress. In the present case, Sneed is arguing that the evidence is legally or factually insufficient. The *Williams* case does not address the sufficiency of evidence required to support the verdict. We find sufficient evidence in the record to support the verdict: (1) the accident itself, where Sneed runs into a car parked in the owner's driveway and then accuses the owner of causing the accident; (2) slurred speech; (3) red eyes; (4) odor of alcohol; (5) balance difficulties; and (6) empty containers of alcohol in the truck. The evidence is legally and factually sufficient to support the verdict. Point of error one is overruled.

In his second point of error, Sneed claims that his trial counsel rendered ineffective assistance by failing to file a motion to suppress the arrest. Sneed claims that a motion to suppress should have been filed, based upon the *Williams* case, because the officer did not have probable cause to arrest Sneed for driving while intoxicated since Sneed now claims that he was injured. *Williams*, 814 S.W.2d 256.

■ In evaluating a claim of ineffective assistance of counsel, we must apply the *Strickland* test. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203, 209 (1985); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). The test requires that the defendant demonstrate that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). These two prongs must be established by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App.1985). Furthermore, we must indulge in a strong presumption that the counsel's conduct was rea-

sonable. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–95.

■ Sneed once again relies on the *Williams* case to argue that the trial court has the power to suppress evidence stemming from this type of arrest and would likely have done so in this instance had a motion to suppress the arrest been filed by trial counsel. *Williams,* 814 S.W.2d 256.

Sneed then argues that the officer did not have probable cause to arrest, but did so simply on a "judgment call," because the officer did not administer any field sobriety tests. Sneed fails to address the other evidence produced at trial aside from the officer's testimony, including the testimony reported to the officer from two other witnesses who also observed Sneed's slurred speech, alcohol smell, red eyes, and balance difficulties. Also, Sneed fails to address the presence of open containers in the cab of the truck.

Finally, Sneed argues that a motion to suppress in these types of cases is a common defensive tactic and the failure of his counsel to file such a motion goes to prove that his counsel was ineffective. Given the facts of the case, and the lack of evidence regarding any injury to Sneed, we cannot say that Sneed's trial counsel fell below an objective standard of reasonableness by not moving to suppress the arrest. Since Sneed does not pass the first requirement of *Strickland,* there is no need to address the second. This point of error is overruled.

The judgment of the trial court is affirmed.