TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00782-CR






Darrell Eugene Hogan, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 49,585, HONORABLE MARTHA TRUDO, JUDGE PRESIDING






 A jury convicted appellant Darrell Eugene Hogan of felony driving while
intoxicated. See Tex. Penal Code Ann. §§ 49.04(a), 49.09(b) (West Supp. 2000). The court
assessed punishment at imprisonment for ten years and a $1000 fine. In two points of error,
Hogan alleges that the evidence is legally and factually insufficient to support his conviction. We
will affirm the judgment.


Factual Background

 After dark on December 3, 1998, Police Officer Bernard Brannum saw a truck pull
out of a parking lot with its lights off. The driver, Hogan, immediately pulled too far to the right
and scraped his tires against a curb. While making a turn, Hogan drove over the curb. Brannum
turned on his overhead lights and sounded his horn. Unresponsive, Hogan went on to
"sideswipe" a parked vehicle. Brannum then turned on his siren. Hogan continued for
approximately three blocks before pulling into a driveway.

 Police Officer Travis Wolfe arrived at the scene as Brannum was pulling up behind
the truck. Both Brannum and Wolfe walked toward the truck, each loudly ordering Hogan to stay
in the vehicle. As the officers were approaching, Hogan got out and walked away from them,
steadying himself on the side of the truck.

 After the officers stopped Hogan, they briefly spoke with him. Hogan's eyes were
red and glassy, his speech was slurred, and he smelled of alcohol. Brannum attempted to do a
horizontal gaze nystagmus test. Hogan would not participate in the test, saying that he could not
focus. Both officers believed that Hogan was intoxicated, and they placed him under arrest. 

 Wolfe found a crutch and an empty beer can in the cab of the truck. The beer can
was wet with condensation and cool to the touch. After being placed in Brannum's car, Hogan
asked for his crutch. At some point during these events, Hogan mentioned that he wanted to go
to the Veterans Administration Hospital.

 At the police station, Hogan complained that he was having difficulty getting
around and was placed in a rolling chair. Officer Brannum then wheeled Hogan into the
"intoxilyzer room" to attempt to get a voluntary breath sample. The Temple Police Department
equips this room with a video camera. Once in the room, Hogan tried to wheel his chair out of
the camera's range. Intoxilyzer operator James O'Brien was unable to obtain a breath sample.

 Hogan then told Brannum and O'Brien that he was diabetic, did not feel well, and
wanted to go to the Veterans Administration Hospital. Accompanied by Brannum, Hogan was
taken to the hospital. After being evaluated by hospital staff, Hogan was given no prescriptions
and no treatment; he was released back into Brannum's custody.


Discussion

Preservation of Error

 In two points of error, Hogan contends that the evidence is legally and factually
insufficient to support a finding that he was intoxicated. The State argues that Hogan failed to
preserve his legal sufficiency complaint because he did not move for a directed verdict at the close
of the evidence. We reject this argument because, unlike a civil defendant, a criminal defendant
is not required to preserve a legal sufficiency complaint. See Davila v. State, 930 S.W.2d 641,
649 n.7 (Tex. App.--El Paso 1996, pet. ref'd).

 Additionally, the State contends that Hogan failed to preserve his factual sufficiency
complaint because he did not move for a new trial or to have the judgment arrested. This
argument also fails because a factual sufficiency complaint can be raised for the first time on
appeal so long as it is treated as an independent issue in appellant's brief. See id. at 648; Chesnut
v. State, 959 S.W.2d 308, 311 (Tex. App.--El Paso 1997, no pet.).


Sufficiency of Evidence

 The statute under which Hogan was convicted provides that "a person commits an
offense if the person is intoxicated while operating a motor vehicle in a public place." Tex. Penal
Code Ann. § 49.04(a).

 Under the Texas Penal Code, "intoxicated" means: 

(A) not having the normal use of mental or physical faculties by reason of the
introduction of alcohol, a controlled substance, a drug, a dangerous drug, a
combination of two or more of those substances, or any other substance into
the body; or


(B) having an alcohol concentration of 0.08 or more.



Id. § 49.01(2) (West Supp. 2000).

 Because Hogan did not give a breath sample, he was charged under the
"impairment" definition of intoxication. On appeal we must decide whether the evidence is
legally and factually sufficient to support the jury's finding that Hogan did not have "the normal
use of his mental or physical faculties" due to "the introduction of alcohol."

 When reviewing the legal sufficiency of the evidence, we look at all the evidence
in the light most favorable to the prosecution and ask whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443
U.S. 307, 318-19 (1979); Staley v. State, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994). Any
inconsistencies in the evidence should be resolved in favor of the verdict. See Moreno v. State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988). This standard of review is the same for both
direct and circumstantial evidence. See Green v. State, 840 S.W.2d 394, 401 (Tex. Crim. App.
1992).

 Hogan argues that because only one field sobriety test was attempted and because
he did not participate in that test, the evidence is legally insufficient to support a finding that he
did not have the normal use of his faculties when stopped by Brannum. We disagree. The record
reflects that Hogan was driving in the dark with his lights off. His truck's tires were rubbing
against a curb. While making a turn, Hogan drove over a curb. He "sideswiped" a parked
vehicle. While walking away from Brannum and Wolfe, Hogan steadied himself by grasping the
side of his truck. His eyes were red and glassy, and his speech was slurred. He smelled of
alcohol and was uncooperative when asked to participate in a horizontal gaze nystagmus test. 
Wolfe found a recently emptied beer can in the cab of Hogan's truck. Once in custody, Hogan
was generally uncooperative and unresponsive. He tried to roll his chair out of view of the video
recorder and did not give a breath sample. Brannum and Wolfe each believed that he was
intoxicated.

 We have held that the opinion testimony of the arresting officer, standing alone,
can be legally sufficient to prove the element of intoxication. See Irion v. State, 703 S.W.2d 362,
364 (Tex. App.--Austin 1986, no pet.). Here Brannum's testimony was corroborated and
supplemented by the testimony of Wolfe and O'Brien. Viewing the evidence in the light most
favorable to the prosecution, we hold that it is sufficient to prove that Hogan was intoxicated when
stopped by Officer Brannum. Hogan's first point of error is overruled.

 When reviewing the factual sufficiency of the evidence, we do not view the
evidence in the light most favorable to the prosecution. Instead, we consider all evidence equally,
including the testimony of defense witnesses and the existence of alternative hypotheses. See
Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). The court, however,
does not substitute its judgment for that of the jury and should set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. See
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). An appellate court may not
reverse a jury's verdict simply because it disagrees with the result. See Cain v. State, 958 S.W.2d
404, 407 (Tex. Crim. App. 1997).

 Hogan insists that a medical condition unrelated to intoxication can explain his
appearance and behavior on the night of his arrest. We must consider this hypothesis in our
factual sufficiency review. Officer Wolf found a crutch in Hogan's car, which Hogan later
requested. After the arrest, Officer Brannum noticed that Hogan had trouble walking due to
medical problems. Hogan twice requested to go to the Veterans Administration Hospital. At the
time of his second request, he told the officers that he was diabetic. This Court must decide
whether all of the record evidence, including that supporting Hogan's alternative hypothesis,
weighs so heavily against the verdict as to make it clearly wrong and unjust. We hold that it does
not.

 While there is evidence that Hogan had trouble walking due to a medical condition,
there is no evidence showing that Hogan's condition would cause symptoms similar to those of
intoxication. Hogan said that he was diabetic, but no evidence in the record corroborates that
claim or indicates that diabetes causes symptoms similar to those of intoxication. Hogan's
alternative hypothesis might be deemed reasonable; however, when considered alongside all of
the evidence, it is not enough to cause us to reverse the jury's verdict. See Sneed v. State, 964
S.W.2d 764, 766 (Tex. App.--Texarkana 1998, no pet.) (holding that where record was devoid of
evidence showing that injuries caused by car accident would mimic symptoms of intoxication,
evidence of accident itself, slurred speech, red eyes, odor of alcohol, balance difficulties, and
empty containers of alcohol was legally and factually sufficient to support verdict). Hogan's
second point of error is overruled.


Conclusion


 Because we find the evidence legally and factually sufficient to support the verdict,
we affirm the trial court's judgment.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: June 22, 2000

Do Not Publish



adied himself by grasping the
side of his truck. His eyes were red and glassy, and his speech was slurred. He smelled of
alcohol and was uncooperative when asked to participate in a horizontal gaze nystagmus test. 
Wolfe found a recently emptied beer can in the cab of Hogan's truck. Once in custody, Hogan
was generally uncooperative and unresponsive. He tried to roll his chair out of view of the video
recorder and