COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-286-CR
   
 
ROBERT 
MILLER                                                                    APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION 
 


 
        Robert 
Miller appeals his conviction for driving while intoxicated. We will affirm.
        Phillip 
Alvarez, an Arlington police officer, was returning home from a part-time 
security job at four in the morning on May 20, 2001, when he saw appellant’s 
vehicle drift from the far right lane to the inside lanes and then drift onto 
the left shoulder before driving on top of a concrete barrier. After driving off 
of the concrete barrier, appellant drove across the lanes and hit a metal 
barrier on the right shoulder. After hitting the metal barrier, appellant then 
drove back toward the center lane and slowed to 45 or 50 miles per hour.
        After 
Alvarez called 911, Fort Worth police officers Craig Cartwright and Larry Peters 
began to pursue appellant’s vehicle. When Cartwright and Peters put their 
overhead lights on, appellant did not pull over immediately. Instead, appellant 
ran off the road on the right side and hit a concrete barrier before making a 
complete stop. All three officers then approached appellant’s vehicle. Alvarez 
observed that appellant was having a difficult time putting the car in park and 
that he had two beer cans in the car, one empty and one half-full. When 
Cartwright and Peters ordered appellant to get out of the car, he was slow to 
respond.
        Cartwright 
requested that appellant exit the vehicle for questioning. During the 
questioning, Alvarez noted that appellant’s breath smelled of alcohol; that 
his eyes were extremely bloodshot and red; that he was swaying back and forth 
and having a great deal of difficulty keeping his balance; and that his speech 
was so slurred that Alvarez could not understand what he was saying. After 
appellant refused to perform field sobriety tests, Cartwright placed him under 
arrest for driving while intoxicated.
        Appellant 
contends that the evidence is legally insufficient to show that he had lost the 
normal use of his physical or mental faculties due to intoxication. In reviewing 
the legal sufficiency of the evidence to support a conviction, we view all the 
evidence in the light most favorable to the verdict in order to determine 
whether any rational trier of fact could have found the essential elements of 
the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 
319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 608, 612 
(Tex. Crim. App. 2001). This standard gives full play to the responsibility of 
the trier of fact to resolve conflicts in the testimony, to weigh the evidence, 
and to draw reasonable inferences from basic facts to ultimate facts. Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789. When performing a legal sufficiency 
review, we may not sit as a thirteenth juror, re-evaluating the weight and 
credibility of the evidence and, thus, substituting our judgment for that of the 
fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied, 529 U.S. 1131 (2000).
        Viewing 
all of the evidence in the light most favorable to the verdict, we hold that the 
jury could have rationally concluded beyond a reasonable doubt that appellant 
had lost the normal use of his mental or physical faculties due to his alcohol 
use. See Fulgium v. State, 4 S.W.3d 107, 112 (Tex. App.—Waco 1999, pet. 
ref’d); Markey v. State, 996 S.W.2d 226, 230 (Tex. App.—Houston [14th 
Dist.] 1999, no pet.); Sneed v. State, 964 S.W.2d 764, 766 (Tex. 
App.—Texarkana 1998, no pet.). We overrule appellant’s first point.
        Having 
overruled appellant’s only point, we affirm the trial court’s judgment.
 
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE

PANEL 
A:   CAYCE, C.J.; GARDNER, J.; and SAM J. DAY, J. 
(Retired, Sitting by Assignment).

DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: 
November 26, 2003