Miller v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-286-CR

ROBERT MILLER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

Robert Miller appeals his conviction for driving while intoxicated.  We will affirm.

Phillip Alvarez, an Arlington police officer, was returning home from a part-time security job at four in the morning on May 20, 2001, when he saw appellant’s vehicle drift from the far right lane to the inside lanes and then drift onto the left shoulder before driving on top of a concrete barrier.  After driving off of the concrete barrier, appellant drove across the lanes and hit a metal barrier on the right shoulder.  After hitting the metal barrier, appellant then drove back toward the center lane and slowed to 45 or 50 miles per hour.

After Alvarez called 911, Fort Worth police officers Craig Cartwright and Larry Peters began to pursue appellant’s vehicle.   When Cartwright and Peters put their overhead lights on, appellant did not pull over immediately.  Instead, appellant ran off the road on the right side and hit a concrete barrier before making a complete stop.  All three officers then approached appellant’s vehicle.  Alvarez observed that appellant was having a difficult time putting the car in park and that he had two beer cans in the car, one empty and one half-full.  When Cartwright and Peters ordered appellant to get out of the car, he was slow to respond.  

Cartwright requested that appellant exit the vehicle for questioning.  During the questioning, Alvarez noted that appellant’s breath smelled of alcohol; that his eyes were extremely bloodshot and red; that he was swaying back and forth and having a great deal of difficulty keeping his balance; and that his speech was so slurred that Alvarez could not understand what he was saying.  After appellant refused to perform field sobriety tests, Cartwright placed him under arrest for driving while intoxicated.  

Appellant contends that the evidence is legally insufficient to show that he had lost the normal use of his physical or mental faculties due to  intoxication.  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

Viewing all of the evidence in the light most favorable to the verdict, we hold that the jury could have rationally concluded beyond a reasonable doubt that appellant had lost the normal use of his mental or physical faculties due to his alcohol use.  
See Fulgium v. State
, 4 S.W.3d 107, 112 (Tex. App.—Waco 1999, pet. ref’d); 
Markey v. State
, 996 S.W.2d 226, 230 (Tex. App.—Houston [14
th
 Dist.] 1999, no pet.); 
Sneed v. State
, 964 S.W.2d 764, 766 (Tex. App.—Texarkana 1998, no pet.).  We overrule appellant’s first point.

Having overruled appellant’s only point, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; GARDNER, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: November 26, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.