**Pauline WILSON, et al, Appellants,**

v.

**KAUFMAN & BROAD HOME SYSTEMS, et al, Appellees.**

**No. 09–86–078 CV.**

Court of Appeals of Texas, Beaumont.

April 2, 1987.

Rehearing Denied April 22, 1987.

Robert A. Berry, Perdue, Turner & Berry, Houston, for appellants.

Brock C. Akers, Vinson & Elkins, L. Keith Slade, Wietinger, Steelhammer & Tucker, Kenneth N. Knox, Houston, for appellees.

### OPINION

BURGESS, Justice.

Appellants filed suit to recover damages sustained as a result of a mobile home fire. They based their cause of action upon negligence, product liability and breach of warranty theories. The jury found no party liable but did find damages of almost seventy thousand dollars. Appellants bring forth a single point of error.

They complain that the trial court erred in submitting, over objection, the following instruction:

A defect in a product is not necessarily shown by the mere happening of an accident involving a product. Likewise, even where a product is shown to have failed, a product defect may not be presumed.

Appellants rely heavily on *Acord v. General Motors Corp.*, 669 S.W.2d 111 (Tex. 1984) and *First Intern. Bank In San Antonio v. Roper C.*, 686 S.W.2d 602 (Tex. 1985). In *Acord*, the court stated:

> If *Turner* was not sufficiently specific to advise the bench and bar that in strict liability cases the jury is not to be instructed with balancing factors, surely we have laid this matter to rest by our opinion in *Fleishman v. Guadiano*, 651 S.W.2d 730 (Tex.1983), where we again endorsed the submission as approved by *Turner* and upheld the trial court's refusal to give any other instructions. The jury need not and should not be burdened with surplus instructions. Volume III of the Texas Pattern Jury Charges (1982) utilizes for manufacturer design defect cases only the issue and instruction contained in *Turner*. We explicitly approve the Pattern Jury Charges issue and instruction for design defect cases, and disapprove the addition of any other instructions in such cases, however correctly they may state the law under sec. 402A of the Restatement (Second) of Torts.

*Acord,* 669 S.W.2d at 115–116.

Appellees argue that *Acord* only applies to design defect cases and is therefore distinguishable. However, in *First Intern. Bank, supra,* the court stated:

> This type of question was first considered by this court in *Turner v. General Motors Corp.*, 584 S.W.2d 844 (Tex. 1979). In that suit, we reversed a court of appeals' opinion which held that juries should be instructed to balance specific factors in determining the outcome of products liability cases. We explicitly approved the correct special issue form and a single accompanying instruction on design defect. Additional instructions on how to balance the competing factors in a products liability suit were, however, disapproved.
>
> . . . .
>
> Finally, the issue of unnecessary explanatory instructions emerged again in *Acord v. General Motors Corp.*, 669 S.W.2d 111 (Tex.1984). In that design

defect case, the trial court instructed the jury that a manufacturer is not an insurer of the product he designs nor is he required to create perfect products. Relying on *Turner* and *Guadiano*, we held that such an instruction should not be submitted in a strict liability case. We explicitly approved the *Texas Pattern Jury Charges* special issue and instruction on design defect, but again stated that additional instructions which single out balancing factors are improper comments on the case.

> . . . .

> In addition, we reiterate the message of *Acord.* In a closely contested products liability case, it is error to burden the jury with excess instructions which emphasize extraneous factors to be considered in reaching a verdict. The questions in a pre-*Duncan* [*v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984)] products liability case are: was there a defect; did the defect cause damage; and what are the damages.

*First Intern. Bank,* 686 S.W.2d at 603–605.

Thus, the message from the Supreme Court is to follow the pattern jury charges and not include surplus instructions, even if they are legally correct. Even though the court declared that message in several design defect cases, it was not predicated on the nature of the defect at issue in those cases.

Appellees next argue that appellants did not preserve error because the objection was too general. We do not agree. Appellants objected that the instruction was a comment on the weight of the evidence. This is exactly the rationale of *Acord* and *First Intern. Bank.* Finally, appellees argue that the error, if any, was harmless since the manufacturing defect was not closely contested. After reviewing the entire record, we do not reach the same conclusion. Appellants repeatedly attempted to prove, by circumstantial evidence, that the breaker box was defective when it left the manufacturing plant.

Our highest court has made it abundantly clear that to deviate from the pattern

jury charges in products liability cases is a perilous journey. We believe their admonitions, in this regard, are wise and should be heeded. The trial court erred in giving the instruction. The cause is reversed and remanded for a new trial.

REVERSED AND REMANDED.