Diane Marie NOTTINGHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–94–00673–CR.

Court of Appeals of Texas, Austin.

Oct. 11, 1995.

Keith S. Hampton, Austin, for appellant.

Eugene D. Taylor, Williamson County Attorney, Lucas Wilson, Assistant County Attorney, Georgetown, TX, for appellee.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

PER CURIAM.

The county court at law found appellant guilty of driving while intoxicated, first offense. Act of May 27, 1983, 68th Leg.R.S., ch. 303, § 3, 1983 Tex.Gen.Laws 1568, 1574 (Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(b), (c), since amended and codified at Tex.Penal Code Ann. § 49.04). The court assessed punishment at incarceration for six months and a $1500 fine, probated for eighteen months. In three points of error, appellant contends the court erred by refusing to suppress the results of a blood test for alcohol concentration. We will affirm.

The only witness at the hearing on appellant's motion to suppress was Department of Public Safety trooper Robert Ripps. At approximately 8:45 p.m. on September 8, 1993, Ripps arrived at the scene of an accident on FM 1325 in Williamson County. A car driven by appellant had collided with the rear of a pickup truck. Appellant was still in her car when Ripps arrived and was being treated by emergency medical personnel. Her car was severely damaged, with the front bumper pushed back almost to the windshield. Ripps also could see that appellant's head had struck the windshield. It was later determined that appellant had a broken ankle.

Ripps did not speak to appellant at the scene of the accident, but interviewed her later that night at the hospital. Ripps testified, "I smelled the smell of an intoxicating beverage coming from her breath as I spoke to her throughout the conversation, and it was becoming apparent that she was intoxicated." Ripps then administered the horizontal gaze nystagmus (HGN) test. Appellant "had jerkiness prior to the 45–degree onset, which to me indicated intoxication." Because of appellant's physical condition, Ripps did not ask her to perform additional sobriety tests. Ripps told appellant that "she had probably been drinking a whole lot and that I thought she was intoxicated." Appellant replied that she had consumed only "one beer and one shot."

At this point, Ripps read to appellant the warning required by the implied consent statute and requested a sample of her blood. Act of May 27, 1993, 73d Leg., R.S., ch. 790, § 29, 1993 Tex.Gen.Laws 3088, 3102 (Tex. Rev.Civ.Stat.Ann. art. 6701*l*–5, § 2(b), since amended and codified at Tex.Transp.Code Ann. § 724.015). The printed warning read by Ripps (the DIC–24 form) appears in the record and begins, "You are under arrest for the offense of Driving While Intoxicated." Ripps testified, however, that he did not consider appellant to be under arrest at this time. Ripps stated that appellant "was very questioning about the whole thing" and was asking "legal-type questions" he could not answer. Appellant signed the form indicating that she refused the request for a blood sample. The document indicates that the time was 10:45 p.m., two hours after the accident.

Appellant was taken for X-rays while Ripps remained at the nurse's station. When appellant returned, a nurse told Ripps that appellant wished to speak to him. Appellant told Ripps that she now was willing to submit to a blood test. Although the record is silent on this point, we assume that a sample of appellant's blood was drawn soon after she consented to the test. The test showed appellant to have an alcohol concentration of 0.23.

**1. Arrest.**

■ Because appellant's first two points of error turn on this question, we initially decide whether appellant was in fact arrested when Ripps read to her the DIC–24 warning stating that she was under arrest for driving while intoxicated. Although appellant's points of error are raised under article I, section 9 of the Texas Constitution, her brief cites numerous Fourth Amendment opinions as authority and contains neither argument nor authority suggesting that, as applied to this cause, article I, section 9 differs in any meaningful way from the United States Constitution. Following appellant's lead, we will assume for the purpose of this opinion that the relevant state and federal constitutional guarantees are identical. *Morehead v. State*, 807 S.W.2d 577, 579 n. 1 (Tex.Crim.App. 1991); *DeBlanc v. State*, 799 S.W.2d 701, 706 (Tex.Crim.App.1990); *McCambridge v. State*, 712 S.W.2d 499, 501–02 n. 9 (Tex.Crim.App. 1986).

A person is "seized" for constitutional purposes when, in view of all the circumstances, a reasonable person would believe that she is not free to leave. *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980); *State v. Williams*, 814 S.W.2d 256, 259 (Tex. App.—Austin 1991), *aff'd*, 832 S.W.2d 52 (Tex.Crim.App.1992). An "arrest" occurs at the moment a person's liberty of movement is restricted or restrained. *Hoag v. State*, 728 S.W.2d 375, 379 (Tex.Crim.App.1987); *Bell v. State*, 845 S.W.2d 454, 459 (Tex. App.—Austin 1993, no pet.); Tex.Code Crim. Proc.Ann. art. 15.22 (West 1977). The officer's opinion that an arrest has or has not occurred is a factor to be considered, but is not determinative. *Hoag*, 728 S.W.2d at 378–79.

The facts in this cause are similar to those before us in *Williams*. The defendant in that case was taken to a hospital for treatment of injuries sustained in a one-car accident. The officer investigating the accident interviewed the defendant in the hospital emergency room. The officer noticed various symptoms of intoxication and administered an HGN test, which the defendant failed. The officer then read the DIC–24 form to the defendant, including the advice that he was under arrest for driving while intoxicated. Asked if the defendant was under arrest at this point, the officer responded that the defendant "was being investigated for the suspicion of being intoxicated" and would have been arrested had he refused to take a blood test and been released from the hospital. We concluded that these facts supported the trial court's implied finding that the defendant was under arrest. 814 S.W.2d at 259–60.

Another factually similar case is *Bell v. State*, 881 S.W.2d 794 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). The defendant was taken to a hospital following an automobile accident, where he was interviewed in the emergency room by a police officer. The officer detected the odor of alcoholic beverage but did not conduct any sobriety tests.

The officer read the DIC–24 form to the defendant and requested a blood sample. The court held that this evidence was sufficient to support a finding that the defendant was under arrest. 881 S.W.2d at 799–800.

By its express terms, the implied consent law applies only to persons arrested for driving while intoxicated or other offense arising out of the operation of a motor vehicle while intoxicated. *Aliff v. State*, 627 S.W.2d 166, 168–69 (Tex.Crim.App.1982); *Bennett v. State*, 522 S.W.2d 507 (Tex.Crim.App.1975); Act of April 21, 1993, 73d Leg., R.S., ch. 82, § 1, 1993 Tex.Gen.Laws 168–69 (Tex.Rev. Civ.Stat.Ann. art. 6701*l*–5, § 1, since amended and codified at Tex.Transp.Code Ann. § 724.011). Ripp's use of the DIC–24 form with its statutory warnings was appropriate only if appellant was under arrest for such an offense. *Bell*, 881 S.W.2d at 799. While the officer might have considered the language of the DIC–24 form to be merely a formality, a reasonable person in appellant's position would believe that she was not free to leave after being told by a police officer that she was under arrest. We hold that under the circumstances presented, appellant was arrested at the point when the officer, pursuant to the DIC–24, told appellant she was under arrest for driving while intoxicated.

## 2. Probable cause.

In her first point of error, appellant contends that Ripps did not have probable cause to arrest her for driving while intoxicated and that the blood test result should have been suppressed as the product of an unlawful arrest. Tex.Code Crim.Proc.Ann. art. 38.23(a) (West Supp.1995).[1] Probable cause exists where the facts and circumstances known to the officer are sufficient to warrant a person of reasonable caution in the belief that the suspect has committed or is committing an offense. *Amores v. State*, 816 S.W.2d 407, 413 (Tex.Crim.App.1991).

Ripps knew that appellant had driven her car into the rear of another vehicle. When he spoke to appellant in the hospital, Ripps smelled the odor of alcoholic beverage and

---

1. In the district court, appellant also contended that none of the statutory exceptions to the warrant requirement applied in this case. Tex.Code Crim.Proc.Ann. arts. 14.01–14.04 (West 1977 & Supp.1995). She does not bring this contention forward on appeal.

appellant admitted to the officer that she had been drinking. Ripps then administered the HGN test, which indicated that appellant was intoxicated. Appellant argues that considered individually, none of these facts supports the conclusion that she was intoxicated. In particular, appellant contends that the odor of alcoholic beverage does not prove consumption of an intoxicating amount and that her performance on the HGN test could have been the result of the blow to her head. It is the cumulative weight of all the circumstances, however, that is determinative.

Appellant also refers us to our opinion in *Williams*. In that case, the arresting officer testified that the defendant's breath smelled of alcohol, his eyes were red and bloodshot, and his speech was slurred. The defendant failed the HGN test. Noting that the trial court is the sole judge of the weight of the testimony at a suppression hearing, we held that the court did not abuse its discretion by concluding that the officer did not have reasonable grounds to believe that the defendant drove a motor vehicle in a public place while intoxicated. 814 S.W.2d at 260. Appellant urges that our holding in *Williams* compels the conclusion that the court below abused its discretion in finding probable cause for appellant's arrest.

■ *Williams* does not control the disposition of this point of error for two reasons. First, the decision to suppress the results of a blood test is addressed to the trial court's discretion. *State v. Comeaux,* 786 S.W.2d 480, 481–82 (Tex.App.—Austin 1990), *aff'd,* 818 S.W.2d 46 (Tex.Crim.App.1991). In reviewing a trial court's actions for an abuse of discretion, an appellate court should reverse only if the ruling was outside the "zone of reasonable disagreement." *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (opinion on rehearing). Thus, our holding in *Williams* that the trial court did not abuse its discretion in finding an absence of probable cause does not necessarily mean that another trial court, given similar facts, could not reasonably reach the opposite conclusion. Second, we believe that *Williams* is factually distinguishable. We noted in *Williams* that the arresting officer did not testify about his training or experience in administering the HGN test. Ripps, on the other hand, testified that he had taken a departmental course in the use of the test and that, over the years, he had confirmed the accuracy of his HGN test results by comparing them with the results of chemical tests for alcohol concentration. Further, appellant, unlike the defendant in *Williams,* admitted to the officer that she had been drinking.

Keeping in mind that the county court at law was the sole judge of the weight and credibility of Ripp's testimony, we conclude that the court did not abuse its discretion in finding that the facts and circumstances known to the officer gave him probable cause to arrest appellant for driving while intoxicated. Point of error one is overruled.

### 3. Consent.

■ Contrary to the position she took in point of error one, appellant contends in her second point of error that she was *not* under arrest when Ripps read the DIC–24 form and requested a blood sample. If appellant was not under arrest, the implied consent law was not applicable. *Aliff,* 627 S.W.2d at 168–69; *Bennett,* 522 S.W.2d at 507. If the implied consent law did not apply, appellant's refusal to give a blood sample would not result in the suspension of her driver's license, contrary to what she was told in the DIC–24 warning. Appellant argues that because she was misinformed regarding the consequences of a refusal, her consent to the taking of the blood sample was involuntary and the test results should have been suppressed. *Erdman v. State,* 861 S.W.2d 890, 893–94 (Tex.Crim.App.1993); *State v. Sells,* 798 S.W.2d 865 (Tex.App.—Austin 1990, no pet.).

Appellant's argument collapses because, as we previously held, she was under arrest when the blood sample was requested. Thus, article 6701*l*–5 did apply and it was proper, indeed necessary, for the officer to read the DIC–24 warning to appellant. Point of error two is overruled.

### 4. Self-incrimination.

■ Finally, appellant contends the admission of the blood test result violated her

privilege against self-incrimination under article I, section 10 of the Texas Constitution. Article I, section 10 provides that the accused in a criminal prosecution "shall not be compelled to give evidence against himself." Appellant argues that this constitutional privilege is broader than that granted by the Fifth Amendment to the United States Constitution, which provides that a criminal defendant cannot be compelled "to be a witness against himself." Appellant concludes that the use of the term "evidence" rather than "witness" suggests that the Texas Constitution extends the privilege against self-incrimination to nontestimonial evidence, such as the blood test result in this cause.

Appellant's contention has twice been considered and rejected by the Court of Criminal Appeals. *Thomas v. State*, 723 S.W.2d 696, 703 (Tex.Crim.App.1986); *Olson v. State*, 484 S.W.2d 756, 772 (Tex.Crim.App. 1969) (opinion on motion for rehearing). After a thorough review of the relevant authorities, the court in *Olson* concluded that the framers of our state constitution intended to provide Texans "a safeguard similar to that contained in the Fifth Amendment" and held that "the Texas constitutional self-incrimination privilege extends its protection to testimonial compulsion." 484 S.W.2d at 772. In *Thomas*, the court stated, "[W]e reject appellant's claim that Article I, § 10 ... provides broader protection than the Fifth Amendment *because of differences in language*." 723 S.W.2d at 703 (emphasis in original).

 Blood test evidence is not testimonial and is therefore not covered by the Fifth Amendment privilege against self-incrimination. *Schmerber v. California*, 384 U.S. 757, 765, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908 (1986). Compelling a blood test does not require an accused to give evidence against himself within the meaning of the Texas Constitution. *Olson*, 484 S.W.2d at 771–72. There is no state constitutional barrier to subjecting an accused, without his consent, to a chemical test for intoxication, if taken under conditions that comport with due process. *Rodriguez v. State*, 631 S.W.2d 515, 517 (Tex.Crim.App.1982). Giving a person arrested for driving while intoxicated the choice between submitting a blood sample or having her driver's license suspended and her refusal used against her at trial is not compulsion within the meaning of article I, section 10. *Thomas*, 723 S.W.2d at 704–05.

The State did not compel appellant to give evidence against herself by taking a sample of her blood and using the results of the blood test as evidence at her trial. Point of error three is overruled.

The judgment of conviction is affirmed.