TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00667-CR






Frank Moya, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0961917, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







 After a bench trial, appellant Frank Moya was found guilty of the offense of driving
while intoxicated ("DWI"). See Tex. Penal Code Ann. § 49.04(a) (West 1994 & Supp. 1999). 
Due to prior felony convictions, Moya's punishment was enhanced to twenty years' imprisonment. 
Moya appeals his conviction in two points of error, arguing: (1) the trial court erred in admitting
evidence obtained from an analysis of his blood because he did not knowingly and voluntarily
consent to have the sample drawn; and (2) the evidence is legally insufficient to show that he
operated a motor vehicle while intoxicated. We will affirm the judgment of conviction.


STATEMENT OF FACTS


 On March 29, 1996, at approximately 10:30 p.m., Robert Kay observed a motor
vehicle driving westbound on the grassy area next to Airport Boulevard in Austin. Kay testified
that the vehicle was traveling on the other side of the ditch next to the road, alongside a fence,
when it became jammed between the fence and a telephone pole. Kay drove to find help after he
witnessed the accident. He saw two police officers in the parking lot of a convenience store and
led the officers to the accident scene. Kay testified that five to twelve minutes passed from the
time he observed the accident until he returned with the officers; Kay never saw the driver of the
vehicle.

 One of the Emergency Medical Services ("EMS") technicians dispatched to the
accident, Cameron Siefert, testified that he observed appellant sitting in the driver's seat of the
vehicle with his head and shoulders laying in the passenger seat and his pants down around his
thighs. Seifert and his partner also found appellant's four-year-old niece in the hatchback area of
the car. Appellant appeared to be either asleep or unconscious. Siefert roused appellant and asked
him a series of questions to determine appellant's level of consciousness. In response to Seifert's
questions, appellant stated that he had been driving the vehicle and that he had been drinking. 
Seifert testified that appellant appeared intoxicated and that appellant's injuries were consistent
with the damage to the driver's side of the vehicle. One of the police officers at the scene testified
that appellant said his chest hurt because he hit the steering wheel.

 Sonia Lopez, one of the police officers called to the scene, testified that appellant
smelled strongly of alcohol. When Lopez asked appellant why his pants were around his thighs,
appellant stated that he wanted to be cool. Lopez testified that she believed appellant lacked the
normal use of his mental and physical faculties because of the introduction of alcohol into his
body. She also testified that she asked appellant if he was willing to submit a blood sample and
that appellant gave his consent. Seifert, the EMS technician, testified that he was present when
Lopez asked appellant for a blood sample and that appellant gave his consent. Lopez did not
administer field sobriety tests because appellant was injured as a result of the accident and was
being transported to the hospital.

 When they arrived at the emergency room of the hospital, Lopez read appellant the
warnings on the DIC-24 form, titled "Police Officer DWI Statutory Warning." The DIC-24 form
appears in the record and begins, "You are under arrest for the offense of Driving While
Intoxicated." The DIC-24 explains that the police officer will request a breath or blood specimen,
and the form is to be signed by the person arrested only if he does not consent to providing the
specimen; appellant did not sign the DIC-24. (1) Lopez testified that appellant appeared to
understand the statutory warning.

 A registered nurse drew a blood sample from appellant, and Lopez took the blood
sample to the Austin Police Department to be analyzed. Lopez did not wait at the hospital to take
appellant into custody that night because the police department was short handed and could not
afford to leave officers with appellant. Rather, Lopez "unarrested" appellant and left him at the
hospital. Lopez signed an affidavit for a warrant for appellant's arrest the next day, and the
warrant was issued.

 Appellant admits that he was intoxicated on the evening in question, but he contends
that he did not drive a motor vehicle while he was intoxicated. Appellant and his common law
wife, Rosalinda Garza, both testified at trial that appellant's recent acquaintance, Joe, operated the
vehicle that evening. They both explained that they had been drinking all day, and that appellant
met Joe at the Rio Motel while appellant and Garza were visiting a friend. According to appellant
and Garza, when Joe, appellant, and appellant's niece left the Rio Motel, Joe was driving
appellant's vehicle. Appellant testified that Joe drove him and his niece around; he remembers
being on Airport Boulevard but does not remember the car running off the road. Both appellant
and Garza testified that they did not know Joe's last name and that they could not locate Joe for
trial.


DISCUSSION


 To support a DWI conviction, the evidence must show that the defendant: (1)
operated a motor vehicle; (2) while intoxicated; (3) in a public place. See Tex. Penal Code Ann.
§ 49.04(a) (West 1994 & Supp. 1999). In appellant's second point of error, he argues that the
evidence was legally insufficient to prove that he operated a motor vehicle while he was
intoxicated. In determining the legal sufficiency of the evidence to support a criminal conviction,
the question is whether, after viewing all the evidence in the light most favorable to the verdict,
any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Staley v. State, 887 S.W.2d 885, 888
(Tex. Crim. App. 1994). This standard of review is the same for both direct and circumstantial
evidence. See Green v. State, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992).

 Appellant points out that no one saw him operating the vehicle while he was
intoxicated, and that before help arrived, a sufficient amount of time passed during which Joe, the
alleged driver, could have slipped out of the vehicle with the car keys. (2) The circumstantial
evidence, however, established that appellant was discovered sitting in the driver's seat and
slumped to the right; that he stated to Seifert, the EMS worker, that he had been driving the car
in which he was found; that appellant told a police officer at the scene that his chest hurt because
he hit the steering wheel; and that appellant's injuries were consistent with the damage to the
driver's side of the vehicle. Viewing this evidence in the light most favorable to the verdict, we
conclude that any rational trier of fact could have found that appellant was in fact the operator of
the motor vehicle. Appellant's second point of error is overruled.

 Appellant argues in his first point of error that the trial court erred in admitting
evidence obtained from an analysis of his blood because he did not knowingly and voluntarily
consent to have the sample drawn. The taking of a blood specimen is considered a search and
seizure within the meaning of the Fourth Amendment to the United States Constitution. See
Schmerber v. California, 384 U.S. 757, 766-69 (1966); Aliff v. State, 627 S.W.2d 166, 169 (Tex.
Crim. App. 1982). Both the United States and Texas constitutions prohibit unreasonable searches
and seizures. See Kolb v. State, 532 S.W.2d 87, 89 (Tex. Crim App. 1976). A warrantless
search is per se unreasonable, subject to a few limited exceptions. See Schneckloth v. Bustamonte,
412 U.S. 218, 219 (1973). One of the specifically established exceptions to the warrant
requirement is a search conducted with consent. See id.; Roth v. State, 917 S.W.2d 292, 299
(Tex. App.--Austin 1995, no pet.).

 Under the Texas Transportation Code, a person arrested for DWI is deemed to have
consented to the taking of a breath or blood sample to determine the alcohol concentration in the
person's body. See Tex. Transp. Code Ann. § 724.011(a) (West 1998). Appellant argues that
he was not under arrest for DWI when his blood was drawn; therefore, the implied consent
provision in the Transportation Code does not apply in his case and the State was required to
obtain his consent. See Roth, 917 S.W.2d at 300 (placing burden on State to prove by clear and
convincing evidence that consent was freely given). The State contends that appellant was in fact
under arrest for DWI when his blood was drawn; therefore, appellant gave implied consent to have
the specimen drawn.

 A person is "seized" for constitutional purposes when, in view of all the
circumstances, a reasonable person would believe that she is not free to leave. See United States
v. Mendenhall, 446 U.S. 544, 554 (1980). An arrest is complete when a person's liberty of
movement is restricted or restrained. See Tex. Code Crim. Proc. Ann. art. 15.22 (West 1977 &
Supp. 1999); Hoag v. State, 728 S.W.2d 375, 379 (Tex. Crim. App. 1987). The arresting
officer's opinion is one factor to be considered in determining whether someone was under arrest. 
See Hoag, 728 S.W.2d at 379.

 The magistrate's findings on the pretrial motions in this case, adopted by the trial
court, stated that Officer Lopez gave appellant the Miranda warnings at the scene of the accident. 
The State's evidence established that Officer Lopez read appellant the statutory warnings in the
DIC-24 form while she sat with him in the emergency room. As we explained earlier, the DIC-24
form begins, "You are under arrest for the offense of Driving While Intoxicated." Lopez testified
that she "unarrested" appellant after his blood was drawn, indicating that she believed he was
under arrest until then.

 This case is similar to Nottingham v. State, 908 S.W.2d 585 (Tex. App.--Austin
1995, no pet.). In Nottingham, the police officer who arrived at the scene of Nottingham's
accident interviewed her after she was taken to the hospital. See Nottingham, 908 S.W.2d at 587. 
The police officer determined that Nottingham was intoxicated, read her the warnings in the DIC-24, and requested a sample of her blood. See id. This Court determined that the "use of the DIC-24 form with its statutory warnings was appropriate only if appellant was under arrest" and held
that Nottingham was in fact under arrest because "a reasonable person would believe that she was
not free to leave after being told by a police officer that she was under arrest." Id. at 588; see also
Bell v. State, 881 S.W.2d 794, 799 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd) ("A
reasonable person, injured and lying on a hospital stretcher, hearing from a police officer the
words 'you are under arrest' . . . could conclude that he was not free to leave.").

 For the reasons articulated in Nottingham, we hold that appellant was under arrest
at the time a specimen of his blood was drawn. The DIC-24 advised appellant that he could either
consent or refuse to provide a blood specimen. It is undisputed that appellant consented to have
his blood drawn; however, appellant contends that because he did not have the normal use of his
mental faculties, the consent was not knowing and voluntary. Assuming without deciding that
appellant was too incapacitated to give his consent, Texas Transportation Code section 724.014
provides that a person who is unconscious or otherwise incapable of refusing to consent is still
"considered not to have withdrawn consent" under section 724.011. See Tex. Transp. Code Ann.
§ 724.014(a) (West 1998). Accordingly, we hold that the trial court did not err in admitting
appellant's blood sample and the results therefrom. Appellant's second point of error is overruled.


CONCLUSION

 Having overruled appellant's two points of error, we affirm the judgment of the
trial court.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Jones and B. A. Smith

Affirmed

Filed: February 11, 1999

Do Not Publish

1. Although Lopez testified that after she read appellant the statutory warning printed on the
DIC-24, appellant actually signed a different form giving his consent to have his blood drawn,
there is no signed consent form in the record. 
2. Officer Lopez did not find the keys to appellant's vehicle at the scene, and appellant testified
that he believed Joe took the keys.


n's body. See Tex. Transp. Code Ann. § 724.011(a) (West 1998). Appellant ar