NO. 07-04-0102-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 30, 2004
_____

THE STATE OF TEXAS,

Appellant

v.

SANG MINH DOAN,

Appellee
_____

FROM THE COUNTY COURT OF LAW NO. 2 OF POTTER COUNTY;

NO. 101,195; HON. PAMELA SIRMON, PRESIDING
_____

Before JOHNSON C.J., and QUINN and CAMPBELL, JJ.

In this interlocutory appeal, the State claims error on the part of the trial court in granting Sang Minh Doan's motion to suppress blood test results sought to be used as evidence. Doan had been charged with driving while intoxicated. Two issues are before us, and they involve the relevance of the evidence and whether Doan was under arrest at the time the blood specimen was obtained. We affirm the judgment of the trial court.

### *Background*

On May 20, 2002, an officer was dispatched at 2:30 a.m. to a single vehicle wreck. Upon his arrival, he observed a vehicle on its roof. The driver, identified as Doan, was

extracted by rescue personnel and transported to Northwest Texas Hospital. The officer was not able to interview Doan at the scene but was able to speak with him approximately an hour later at the hospital. As the officer spoke to him, he observed the odor of alcohol on Doan's breath and person. Since Doan was on a backboard with a cervical collar, the officer was unable to perform any field sobriety tests. However, due to the nature of the accident and the fact he smelled alcohol, the officer allegedly formed a belief that Doan "possibly was intoxicated," purportedly asked him to consent to a blood test, and purportedly read to Doan a statutory warning form referred to as "DIC-24." The form, a copy of which was admitted into evidence, reads in part: "You are under arrest for an offense arising out of acts alleged to have been committed while you were operating a motor vehicle . . . in a public place while intoxicated . . . ." The officer also testified that Doan verbally consented to giving the sample.

Though the officer further stated that he intended to arrest Doan when released from the hospital, his supervisor told him to wait and that an arrest warrant would be issued for him later. However, in the officer's opinion, appellee "was not free to leave the hospital until I was instructed to not arrest him by my supervisor."

Doan filed a motion to suppress alleging that 1) the blood test did not indicate what his blood alcohol concentration level was at the time he was operating his motor vehicle, and 2) he was not under arrest when the sample was requested and, thus, no sample could have been legally obtained from him. After a hearing, the trial court granted the motion without entering any written findings of fact or conclusions of law.[1]

---

[1]At the hearing, the court indicated that the question of whether appellee had been arrested had not really been answered.

2

### *Issue Two -- Arrest*

In its second issue, the State argues that appellee was under arrest at the time the blood test was requested and, therefore, Doan had impliedly consented to the test. In view of this, the trial court allegedly erred in granting the motion to suppress. We overrule the issue.

We review a trial court's ruling on a motion to suppress under the standard announced in *Guzman v. State,* 955 S.W.2d 85 (Tex. Crim. App. 1997). In doing so, we give almost total deference to the trial court's finding of historical fact and review *de novo* its application of the law to the facts. *Id.* at 89.

Statute permits an officer to obtain a sample of appellee's blood if he was under arrest when the sampling occurred. TEX. TRANSP. CODE ANN. §724.011(a) (Vernon 1999). Both parties agree that the issue before us is whether appellee was under arrest at that time.

A person is arrested when he has been actually placed under restraint or taken into custody by an officer or a person executing a warrant of arrest or by an officer arresting without a warrant. TEX. CODE CRIM. PROC. ANN. art. 15.22 (Vernon 1977). An arrest occurs at the moment a person's liberty of movement is restricted or restrained. *Hoag v. State,* 728 S.W.2d 375, 379 (Tex. Crim. App. 1987). The taking of blood is a search and seizure. *Aliff v. State,* 627 S.W.2d 166, 168 (Tex. Crim. App. 1982). A person is seized when, in view of all the circumstances, a reasonable person would believe that he is not free to leave. *State v. Williams,* 814 S.W.2d 256, 259 (Tex. App.–Austin 1991), *aff'd,* 832 S.W.2d 52 (Tex. Crim. App. 1992). An officer's opinion that a person has been arrested is one factor to be considered. *Hoag v. State,* 728 S.W.2d at 378-79.

3

The officer who allegedly spoke with Doan at the hospital was the only witness at the suppression hearing. As noted above, he purported to read the statutory warning which informed appellee he was under arrest and also stated that Doan was not free to leave at the time the test was conducted. It was only later that his supervisor allegedly informed him that Doan would be arrested by warrant issued later. This was evidence that would permit a reasonable person in Doan's position to believe he was not free to leave and, therefore, under arrest. *See Garcia v.* State, No. 07-99-210-CR (Tex. App.–Amarillo June 2, 2000, pet. ref'd) (unpublished) (recognizing that the reading of a DIC-24 form to the suspect was an indicia illustrating that the suspect was under arrest); *Nottingham v. State,* 908 S.W.2d 585, 588 (Tex. App.–Austin 1995, no pet.) (holding that the defendant was arrested at the time the officer told her pursuant to the DIC-24 warnings she was under arrest because a reasonable person in her position would believe she was not free to leave); *Bell v. State,* 881 S.W.2d 794, 799-80 (Tex. App.–Houston [14th Dist.] 1994, pet. ref'd) (holding there was some evidence that defendant was under arrest when the DIC-24 warnings were read to him).[2]

Nevertheless, we are unable to hold that the trial court abused its discretion in granting the motion to suppress. As disclosed by comments made at the suppression hearing, the trial court questioned whether or not appellee was under arrest and whether the implied consent encompassed by the statute arose only upon arrest. Moreover, the Court of Criminal Appeals has stated that the factfinder, *i.e.* the trial court here, may reject

---

[2]Doan cites to *Combest v. State,* 981 S.W.2d 958, 960 (Tex. App.–Austin 1998, pet. ref'd) in support of his position. However, in that case, both parties agreed that Combest was not under arrest at the time he impliedly consented to the blood test.

the officer's testimony about what occurred and what was said, even if uncontested. *Ross v. State,* 32 S.W.3d 853, 856-57 (Tex. Crim. App. 2000).

In the absence of written findings of fact by the trial court, the general rule is that a reviewing court cannot hold that the trial court abused its discretion by granting a motion to suppress. *State v. Guo*, 64 S.W.3d 662, 666-67 (Tex. App.–Houston [1st Dist.] 2001, no pet.). So, given this, the standard of review, and the trial court's authority to reject the only testimony purporting to illustrate that appellee was under arrest, we cannot say that its decision was an abuse of discretion.

Having overruled issue two, we need not decide issue one. If the evidence was improperly obtained, then it does not matter whether it would be relevant. Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.